■ TRIWAY CONSTRUCTION CORP., Respondent, v NEUSS CONSTRUCTION Co., INC., Defendant, and GLENS FALLS INSURANCE COMPANY, Appellant. (And Third- and Fourth-Party Titles.)—In an action to recover (1) for work performed under a subcontract and (2) on the construction bond, defendant Glens Falls Insurance Company appeals from an order of the Supreme Court, Westchester County, entered January 8, 1976, which denied its motion for summary judgment. Order affirmed, with $50 costs and disbursements. The bases advanced by appellant in support of its motion for summary judgment raise triable issues of fact, as Special Term determined. We note the decision which appellant has included in its brief, in what appears to be a related case. That decision was not before Special Term and is not part of the record on appeal. Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.

■ In the Matter of MILES BREWSTER, Appellant, v JAMES R. DUMPSON, as Commissioner of the New York City Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of respondent Lavine, as Commissioner of the New York State Department of Social Services, dated October 23, 1974 and made after a fair hearing, which affirmed a determination of respondent Dumpson (1) terminating petitioner's grant of home relief and (2) denying his application for such aid, petitioner appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Kings County, entered April 8, 1975, as dismissed the proceeding. Judgment reversed insofar as appealed from, without costs and disbursements, determination annulled, and matter remitted to the respondent State commissioner for a new hearing and determination. The proof adduced at the hearing does not sustain the finding that petitioner willfully concealed income. His conviction, occurring subsequent to the decision after the hearing, likewise constitutes inadequate proof to sustain such finding. Under the circumstances, a new hearing is warranted. Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.