■ In the Matter of the Estate of HYMAN BERNSTEIN, Deceased. MARILYN PARISER, Appellant; FAY BERNSTEIN et al., as Executors of HYMAN BERNSTEIN, Deceased, Respondents. — Decree of the Surrogate's Court, Nassau County, dated June 9, 1980, affirmed without costs or disbursements, for the reasons stated in the opinion of Surrogate Bennett. Hopkins, J.P., Rabin, Gulotta and Thompson, JJ., concur.

■ In the Matter of MILES BREWSTER, JR., Petitioner, v J. HENRY SMITH, as Commissioner of the New York City Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated February 25, 1977, which, after a statutory fair hearing, affirmed determinations of the local agency which (1) terminated petitioner's grant of home relief and (2) denied his application for such aid, on the ground that he willfully concealed income. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. This court previously ordered a new hearing to determine whether petitioner willfully concealed income (see *Matter of Brewster v Dumpson,* 54 AD2d 563). In our opinion, the determination is supported by substantial evidence. Petitioner's conviction of grand larceny in the second degree for the same acts upon which respondents based their determinations, more than adequately constitutes substantial evidence of the willful concealment of income. Hopkins, J.P., Lazer, Gibbons and Cohalan, JJ., concur.

■ In the Matter of ANNA CEDENO, Individually and on Behalf of Her Two Infant Children, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated April 12, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency, dated January 17, 1979, which discontinued petitioner's public assistance grant in the Aid to Dependent Children category. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to reinstate in full petitioner's public assistance grant, and to pay back so much of the grant as has been withheld from her, if any. At the statutory fair hearing, the local agency failed to adduce any evidence that petitioner had timely received a notice scheduling a recertification conference for January 12, 1979. Petitioner's direct testimony was that she had received this notice on January 13, 1979. Without any evidence in the record impeaching petitioner's credibility, the State commissioner rejected her testimony as incredible, and implicitly found that the notice was received on or before January 12, 1979. Such a determination was unsupported by substantial evidence and warrants annulment. Damiani, J.P., Titone, Mangano and Rabin, JJ., concur.